# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RALPH SASSON;**

      **Plaintiff,**

  v.                                   **Case No. 11-C-0835**

**JILL GILBERT WELYTOK;**
**and ABSOLUTE TECHNOLOGIES**
**GROUP, LLC;**

      **Defendants.**

## DECISION AND ORDER

The Plaintiff, Ralph Sasson ("Sasson"), filed a pro se Complaint against his former employers, Absolute Technologies Group, LLC ("Absolute") and Jill Gilbert Welytok ("Welytok"), the attorney owner and president of Absolute, who made the decisions at issue in this action. Sasson seeks leave to proceed *in forma pauperis*.

Sasson's Complaint alleges that from August 15, 2011, through August 26, 2011, he was employed as a paralegal by the Defendants and that Absolute is engaged in the practice of intellectual property law, a business and industry affecting commerce within the meaning of 29 U.S.C. § 203(s). The Complaint alleges that, while employed by the Defendants, Sasson worked far in excess of 40 hours per week; however, he was not

compensated a rate of time and a half for the hours that he worked in excess of 40 hours as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The Complaint further alleges that, on August 26, 2011, when Sasson demanded payment for the overtime hours at the rate specified by the FLSA, his employment was terminated.

The Complaint alleges that the Defendants violated the FLSA by failure to pay overtime (first cause of action) and by their retaliatory termination of his employment (third cause of action), and that they violated the corollary Wisconsin state law regarding overtime wages, Wis. Stats. §§ 103.03, 103.02, and Wis. Admin. Code § DWD 274.03 (second cause of action). Sections 1331 and 1367 of Title 28 of the United States Code, respectively, afford federal question jurisdiction over claims arising under the FLSA, and supplemental jurisdiction over the Wisconsin state law wage law claim.

In deciding whether Sasson may proceed *in forma pauperis*, the first determination for the Court is whether Sasson is unable to pay the costs of commencing this action. Sasson is unemployed, has no assets, and has a bank account balance of -73.31 dollars. The only monthly expense Sasson lists is rental payment of $350. Based on the information provided, Sasson has established that he cannot pay the $350 fee for filing this action.

The second determination to be made in considering a request to proceed in forma pauperis is whether the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *see* 28 U.S.C. §§ 1915(a)(1) & (e)(2). The Court is obligated to give a plaintiff's pro

se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Under the FLSA, an employer must pay its employees overtime wages (150% of the employee's hourly wage) for each hour worked in excess of 40 hours a week. 29 U.S.C. § 207(a)(1). While there are exceptions to the general requirement, at this juncture Sasson has alleged an arguable FLSA claim for unpaid overtime wages.

The FLSA also contains an anti-retaliation provision providing that it is unlawful for an employer "to discharge . . . any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]." 29 U.S.C. § 215(a)(3). Federal courts have interpreted § 215(a)(3) very broadly. *See Crowley v. Pace Suburban Bus Div. of Reg'l Transp. Auth.*, 938 F.2d 797, 798 n. 3 (7th Cir. 1991); *see also Ergo v. Int'l Merch. Servs., Inc.*, 519 F.Supp. 2d 765, 778 (N.D. Ill. 2007) (collecting cases). A recent Supreme Court decision held that oral complaints made by an employee to his supervisor are protected expressions. *See Kasten v. St.-Gobain Performance Plastics Corp.*, ___ U.S. ___, ___ , 131 S.Ct. 1325, 1336 (2011). At this juncture of the proceedings, the Court concludes Sasson has stated an arguable claim of retaliation under the FLSA.

Sections 103.02 and 103.025 of the Wisconsin Statutes contain provisions regarding overtime pay for employees and require payment of "at least 1.5 times the employee's regular rate of pay." Sections 109.01(3) and 109.03(5) of the Wisconsin Statutes create a private cause of action to recover unpaid wages from an employer. *See German v.*

3

*Wis. Dep't of Transp.*, 612 N.W.2d 50, 54 (Wis. 2000) (holding employees can bring an action for wages in the trial courts under Chapter 109 of the Wisconsin Statutes and the Administrative Code); *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 589 F.Supp.2d 1026, 1034-35 (E.D. Wis. 2008) (holding plaintiffs stated a claim for unpaid overtime pay under Chapter 109 of the Wisconsin Statutes) ; *Raffaelli v. Advo, Inc.*, 218 F.Supp. 2d. 1022, 1025 (E.D. Wis. 2002). The Complaint alleges an arguable claim for violation of the Wisconsin statutory overtime wage laws.

Based on the foregoing, Sasson's Complaint states three arguable causes of action against the Defendants . Therefore, he will be allowed to proceed *in forma pauperis* on his Complaint.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Sasson's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

The United States Marshal must **SERVE** a copy of the complaint and the attachment, the summons, this Decision and Order, and the April 8, 2011, Decision and Order upon the Defendants pursuant to Federal Rule of Civil Procedure 4. Sasson is advised that Congress requires the United States Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2), (a)(3). Although Congress requires

the Court to order service by the United States Marshals Service because *in forma pauperis* plaintiffs are unable to pay the filing fee, it has not made any provision for these fees to be waived either by the Court or by the United States Marshals Service.

Sasson is **NOTIFIED** that from now on, he is required, under Federal Rules of Civil Procedure Rule 5(a) to send a copy of every paper or document filed with the Court to the opposing parties or counsel. For any opposing party who appears by counsel, thereafter, Sasson must send a copy of every paper or document filed with the Court to counsel for that party. Fed. R. Civ. P. 5(b).

Sasson should also retain a personal copy of each document. If Sasson does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney.

Sasson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered,

Dated at Milwaukee, Wisconsin, this 23rd day of September , 2011.

                                            **BY THE COURT**:

                                            *[signature: Rudolph T. Randa]*
                                            _____
                                            **HON. RUDOLPH T. RANDA**
                                            **U.S. District Judge**